IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL D. MARLIN,

    Petitioner,

v.                           CIVIL ACTION NO.: CV212-038

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael D. Marlin ("Marlin") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Marlin filed a Traverse. Marlin seeks to have twenty-one (21) days of good conduct time restored. Because Marlin was released from confinement on April 13, 2012, he is no longer "in custody" under § 2241.[1] As a result, his petition should be **DISMISSED**. However, because Marlin was "in custody" when his petition was filed, the undersigned will address the merits of his petition. Even if Marlin were still "in custody," his petition is due to be **DENIED**, for the reasons which follow.

---

[1] "When a prisoner's sentence has fully expired, he is not 'in custody' as required by § 2241[.]" Jackson v. Sec'y for Dep't of Corr., 206 F. App'x 934, 935 (11th Cir. 2006).

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Marlin served a 120-month sentence for conspiracy to possess and distribute crack cocaine, in violation of 21 U.S.C. § 846. (Doc. No. 7, pp. 1–2). He was released from confinement on April 13, 2012.[2]

Following a hearing conducted by a Disciplinary Hearing Officer, Marlin was found guilty of two offenses: use of the telephone for abuses other than criminal and receiving money from another inmate without staff authorization. (Doc. No. 7-7, p. 3). As a result, Marlin was subjected to discipline in the form of disallowance of twenty-one (21) days of good conduct time, loss of telephone privilege for six (6) months, and loss of commissary privileges for six (6) months. (Doc. No. 7-7, p. 5).

In the instant petition, Marlin avers that he is innocent of the charges that led to disciplinary action against him. Marlin alleges that his due process rights were violated because the evidence used to determine his guilt was not properly investigated. Marlin seeks restoration of the twenty-one (21) days of good conduct time that were disallowed.

## DISCUSSION AND CITATION OF AUTHORITY

Marlin provides a recitation of his version of the facts of the situation that led to the disciplinary action against him. However, this Court is not responsible for re-weighing the evidence presented during the disciplinary hearing. Instead, this Court must determine whether the disciplinary action taken against Marlin violated his due process rights.

A prisoner has a protected liberty interest in statutory good time credits, and, therefore, a prisoner has a constitutional right to procedural due process in the form of a

---

[2] Federal Bureau of Prisons Inmate Locator, www.bop.gov

disciplinary hearing before those credits are denied or taken away. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him, (2) is given the opportunity to call witnesses and present documentary evidence, and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Court of Appeals for the Eleventh Circuit has determined that an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992).

Each of the Wolff factors was met as to Marlin. Marlin received notice of the disciplinary hearing, which was held on July 26, 2011, on July 8, 2011. (Doc. Nos. 7-5, p. 1, 7-7, p. 1). Marlin was advised of his right to call witnesses, and he elected to call two. (Doc. Nos. 7-5, p. 1, 7-7, p. 2). Marlin did not present documentary evidence, but he did make a statement, which he believed supported his position. (Doc. No. 7-7, p. 2). Marlin received a copy of the Disciplinary Hearing Officer's Report, which set forth his findings of fact. (Doc. No. 7-7, p. 6). Finally, Marlin attended his disciplinary hearing, an opportunity required by Battle, and was even accompanied by a staff representative. (Doc. No. 7-7, p. 1). Marlin received the due process to which he was entitled with regard to the disciplinary hearing procedures.

In addition to compliance with the proper procedures for a disciplinary hearing, it is necessary for a disciplinary hearing officer's decision to be properly supported. In Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985), the Supreme Court stated that in order for a revocation of good conduct time to properly comport with

the minimum requirements of procedural due process, "the findings of the prison disciplinary board [must be] supported by some evidence in the record." Hill, 472 U.S. at 454.

Marlin avers that the evidence used to determine his guilt was not properly investigated.[3] However, the decision of the Disciplinary Hearing Officer was supported by some evidence in the record. The Disciplinary Hearing Officer's Report states that the decision was based primarily on the statement of the reporting staff member. (Doc. No. 7-7, p. 3). The staff member's statement was supported by a TRUFONE Telephone account statement for Marlin's telephone account, an Inmate Request to Staff form, and a TRUFACS Inmate Income Transaction Details Report. (Doc. No. 7-7, p. 4). The Disciplinary Hearing Officer's finding of guilt was supported by some evidence, as required by Hill. Marlin received the due process to which he was entitled with regard to the sufficiency of the evidence supporting the Disciplinary Hearing Officer's decision.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Marlin's § 2241 petition be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of April, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] Additionally, Marlin contends that the Disciplinary Hearing Officer refused to consider the evidence Plaintiff presented. (Doc. No. 10, p. 1). However, the Disciplinary Hearing Officer's Report states that Plaintiff's statements were considered. (Doc. No. 7-7, p. 4).

4