IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2012 MAY 11 AM 8: 54
CLERK
SO. DIST. OF GA.

MICHAEL D. MARLIN,

    Petitioner,

v.                                        CIVIL ACTION NO.: CV212-038

ANTHONY HAYNES, Warden,

    Respondent.

## ORDER

Petitioner Michael Marlin ("Marlin") filed Objections to the Magistrate Judge's Report dated April 23, 2012, which recommended that Marlin's 28 U.S.C. § 2241 petition be denied. In his § 2241 petition, Marlin asserted that he is innocent of the charges that led to disciplinary action against him and that his due process rights were violated because the evidence used to determine his guilt in the disciplinary action was not properly investigated.[1] The Magistrate Judge determined that Marlin received the due process to which he was entitled with regard to the disciplinary hearing procedures and that the disciplinary hearing officer's decision was properly supported. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Marlin again avers that he is innocent of the charges that led to disciplinary action against him. (Doc. No. 16, pp. 1–3). As the Magistrate Judge stated,

---

[1] Following a hearing conducted by a disciplinary hearing officer, Marlin was found guilty of two offenses: use of the telephone for abuses other than criminal and receiving money from another inmate without staff authorization. (Doc. No. 7-7, p. 3). As a result, Marlin was subjected to discipline in the form of disallowance of twenty-one (21) days of good conduct time, loss of telephone privilege for six (6) months, and loss of commissary privileges for six (6) months. (Doc. No. 7-7, p. 5).

AO 72A
(Rev. 8/82)

this Court is not responsible for reweighing the evidence presented during Marlin's disciplinary hearing. Instead, with regard to the sufficiency of the evidence, this Court must determine whether the disciplinary hearing officer's decision was supported by some evidence in the record. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). The Magistrate Judge determined that the disciplinary hearing officer's decision was properly supported by some evidence in the record. The disciplinary hearing officer's report states that his decision was based primarily on the statement of the reporting staff member, which was supported by a TRUFONE Telephone account statement for Marlin's telephone account, an Inmate Request to Staff form, and a TRUFACS Inmate Income Transaction Details Report. (Doc. No. 7-7, pp. 2–4).

Marlin attached to his Objections the relevant Inmate Request to Staff form, which he claims he did not write. (Doc. No. 16, p. 5). The undersigned acknowledges that the handwriting on the form appears different from the handwriting in Marlin's petition. However, the disciplinary hearing officer's decision was not based solely on the Inmate Request to Staff form. To the contrary, the disciplinary hearing officer's decision was based primarily on the statement from the reporting staff member, which was supported by multiple pieces of evidence.[2] The undersigned agrees with the Magistrate Judge's determination that the decision of the disciplinary hearing officer was supported by some evidence in the record, as required by Hill.

---

[2] Marlin also attached to his Objections his TRULINCS Account Transactions statement. (Doc. No. 16, p. 7). This was not evidence relied upon by the disciplinary hearing officer. (Doc. No. 7-7, pp. 2–4). The disciplinary hearing officer mentioned Marlin's TRULINCS account information only to say that Marlin's Staff Representative present at the hearing reviewed it with the reporting staff member. (Doc. No. 7-7, p. 5).

2

In his Objections, Marlin asserts that the disciplinary hearing officer who conducted the disciplinary hearing was biased. (Doc. No. 16, pp. 2 n.1, 3–4). In support of this assertion, Marlin avers that the disciplinary hearing officer discriminated against him on the basis of race; Marlin alleges that he was disciplined for conduct for which a black inmate was not disciplined. (Doc. No. 16, pp. 4, 10, 11). As previously discussed, the decision of the disciplinary hearing officer was properly supported. Marlin's civil rights claim alleging denial of his right to equal protection would more appropriately be brought in an action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[3]

Marlin's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. Marlin's 28 U.S.C. § 2241 petition is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

Marlin has requested a Certificate of Appealability. Marlin's request is premature because final judgment has not been entered in this case. <u>See</u> 28 U.S.C. § 2253; FED. R. APP. P. 22.

**SO ORDERED**, this 9 day of May, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Marlin also asserts that Unit Manager K. Lennon retaliated against him for filling administrative remedies. (Doc. No. 16, pp. 2, 3 n.1). This allegation would also more appropriately be brought in an action pursuant to <u>Bivens</u>.

3